BLAIRS CONSULTING SERVICES, LTD., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blairs Consulting Services, Ltd. v. Commissioner
Docket No. 15011-91
United States Tax Court
T.C. Memo 1992-399; 1992 Tax Ct. Memo LEXIS 421; 64 T.C.M. (CCH) 161; July 15, 1992, Filed *421 An appropriate order denying petitioner's motion for more definite statements will be issued. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 183. [1]
This matter is before the Court on petitioner's Motion for More Definite Statements, filed December 6, 1991, and respondent's Notice of Objection, filed December 26, 1991. Respondent determined deficiencies in petitioner's 1988 and 1989 Federal income taxes as follows: Year
Deficiency
Sec. 6653(b)
1988
$ 207,772.55
1989
245,592.64
$ 184,194.48
Additons to Tax
Year
Sec. 6653(b)(1)(A)
Sec. 6653(b)(1)(B)
Sec. 6661(a)
1988
$ 155,829.41
[1]
$ 51,943.14
1989
61,398.16 *422 Respondent computed the deficiencies based upon the determination that petitioner realized unreported taxable income. Respondent also disallowed certain business expenses and a contribution deduction due to lack of substantiation. Petitioner is a corporation with its principal office in the City, County, and State of New York. Respondent contends in paragraph 7 of her answer that petitioner operated as a brothel, and was owned solely by Lori Geller-Warshaw (Geller-Warshaw) during the 1988 tax year, and owned by Geller-Warshaw and her associated, Danielle Galiana during the 1989 tax year. Respondent contends that as part of petitioner's illegal activities, petitioner conducted a large scale prostitution business that provided petitioner with large amounts of gross receipts which were paid out to the shareholders as constructive dividends or other income. These gross receipts were not reported on the returns of Blairs or the personal returns of the shareholders. Respondent also alleges that during the years in issue, Career Counseling Enterprises (Career) also was a brothel and that all the stock of Career was owned by Geller-Warshaw who subsequently recorded them on the books *423 and records and tax returns of Blairs. Respondent contends that during the years in issue, the shareholders skimmed substantial amounts of cash from petitioner which amounts represent either constructive dividends from petitioner or other income. Respondent further contends that petitioner fraudulently, and with the intent to evade tax, omitted income from its Federal income tax returns for the years at issue. In paragraph 7 of the answer, respondent specifies the amounts of Blairs' gross receipts and the amounts of its unreported income for the years in issue and also the amounts of cash which Blairs' stockholders skimmed from it and which was not reported on their tax returns.
Rule 51(a) provides that a party may move for a more definite statement before interposing a responsive pleading: "If a pleading to which a responsive pleading is permitted or required is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, * * *." Petitioner complains about paragraph 7 of respondent's answer, arguing that it fails to comply with Rule 36 concerning the form and content of the answer. Petitioner contends that throughout paragraph 7 of the answer, *424 respondent pleaded conclusions instead of facts and did not attempt to disclose or explain how the amount of unreported income was determined. Specifically, petitioner cites the following as examples of this contention: (1) Respondent refers to "large amounts of gross receipts which were paid out to the shareholders as constructive dividends"; (2) respondent states that "The bulk of gross receipts was retained by the shareholders and neither deposited in the respective corporate bank accounts nor reflected on the respective corporations' income tax returns"; (3) respondent states "Lori Geller-Warshaw received cash from Blairs in the amounts of $ 531,451 and $ 513,195.50, respectively, which were not reported on her joint income tax returns for said years"; and (4) respondent does not disclose the method used to determine the amounts of omitted income. Respondent's allegations in paragraph 7 of the answer are neither vague nor ambiguous. In considering and denying a similar request for a more definite statement in , this Court set forth the "basic standard" to be used in determining whether a pleading should be *425 made more definite: This standard is expressed in Rule 31(a) which provides that the "purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions." Paragraph 7 of respondent's answer, to which petitioner's motion is directed, clearly satisfies the "basic standard" set forth in Rule 31(a). Paragraph 7 in its entirety gives "fair notice of the matter in controversy" and respondent's position with respect to fraud. See Rule 36(b) sets out the required form and content of an answer. It provides that the "answer shall contain a clear and concise statement of every ground, together with the facts in support thereof on which the Commissioner relies and has the burden of proof." The "ground" upon which respondent relies and as to which she bears the burden of proof is the addition to tax for fraud. Respondent's statement of the ground is clear and the facts in support thereof are set forth sufficiently for petitioner to frame its responsive reply. A motion under Rule 51(a) is not the proper procedure to be utilized to obtain the information *426 sought by petitioner. . See also , explicitly stating that a motion for a more definite statement under Rule 51(a) "is not to be used merely to obtain a statement of the Commissioner's grounds or the facts or theories upon which he relies." Petitioner will have an opportunity to request the information it seeks from respondent under the discovery rules of this Court. However, we express no opinion here as to what extent, if any, petitioner would be entitled to obtain discovery of this information. An appropriate order denying petitioner's motion for more definite statements will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax years in issue, except as otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the portion of the deficiency attributable to fraud.↩